IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IVORY MILLER      TDCJ-CID #618893 | § § § | |
| VS. | § § | C.A. NO. C-06-195 |
| TEXAS BD. OF PARDONS & PAROLES | § | |

## ORDER OF DISMISSAL

This case was filed as a civil rights action by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), cert. denied, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992). Applying these standards, plaintiff's § 1983 action is dismissed for failure to state a claim upon which relief can be granted and as frivolous. His claim for habeas corpus relief is dismissed without prejudice.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. Upon consent of the plaintiff (D.E. 12), this case was reassigned to the undersigned to conduct all further proceedings, including entry of final judgment (D.E. 15).

## II. PLAINTIFF'S CLAIMS

Plaintiff claims that the Texas Board of Pardons and Paroles violated his constitutional rights when it revoked his parole based on the on the testimony of his parole officer, Kimberly Peterson. According to plaintiff, his parole ended on August 17, 2002. However, on February 12, 2003, Ms. Peterson made false allegations against him. Plaintiff claims he was then arrested on December 20, 2004, and had a parole hearing on January 4, 2005. Although he proved at the hearing that the allegations against him were false, the Parole Board still sent him to prison.[1] He seeks compensatory damages for the year and eight days he spent in prison, and also for the extra five years he spent in the custody of the Texas Board of Pardons and Paroles.

## III. DISCUSSION

**A.     Legal standard.**

Plaintiff's action may be dismissed for failure to state a claim upon which relief can be granted despite his failure to exhaust administrative remedies. 42 U.S.C. § 1997e(c)(2). The Supreme Court has held that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins,

---

[1] In another proceeding, C.A. No. 06-226, plaintiff is suing the Corpus Christi Police Department and detective John Doe, claiming that the detective made false allegations against him to support the State's application for further detention.

487 U.S. 42, 48 (1988)(per curiam) (citations omitted); accord Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  Id.

**B.     Nature of plaintiff's claims.**

The initial question is whether plaintiff's claims are cognizable under § 1983.  "'Section 1983 is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement.'" Allison v. Kyle, 66F.3d 71, 73 (5th Cir. 1995) (per curiam) (quoting Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994) (citations omitted)).  However, if a prisoner is challenging the result of a *specific* parole hearing, or is challenging a parole board's rules and procedures that affect his release, and resolution would automatically entitle him to accelerated release, then the challenge must be pursued by writ of habeas corpus.  Heck v. Humphrey, 512 U.S. 477, 481 (1994).  The distinction is between claims that would "*merely enhance* eligibility for accelerated release and those that would *create entitlement* to such release."  Cook, 37 F.3d at 168 (italics in original).  A claim that has an indirect impact on whether a claimant eventually receives parole may still be cognizable under § 1983.  Id.; see also Wilkinson v. Dotson, 544 U.S. 74, ____, 125 S. Ct. 1242, 1248-49 (2005) (inmates' challenge to Ohio's parole proceedings could be maintained in a § 1983 proceeding because success in the action *would not necessarily* spell immediate or speedier release) (italics in original).

Plaintiff claims that the Parole Board violated his constitutional rights because it allegedly considered false testimony in making its decision to revoke his parole and/or acted outside its

3

authority in sending him to prison. These claims address the fact and duration of plaintiff's confinement and, were the Court to find in his favor, would necessarily entitle him to a speedier release. Thus, plaintiff's claims are more properly raised in a habeas corpus proceeding. Cook, 37 F.3d at 168. Plaintiff must first exhaust his state court remedies prior to pursuing federal habeas relief.[2] 28 U.S.C. § 2254(b)(1).

Any damage claims that plaintiff might realize resulting from the allegedly unconstitutional parole hearing are not cognizable unless and until he can demonstrate that the challenged proceeding was in fact unconstitutional. Heck, 512 U.S. at 486-87 (in order to recover damages for unconstitutional conviction, imprisonment or other harm, prisoner must first prove that the challenged proceeding has been set aside or otherwise called into question).

## IV. CONCLUSION

Plaintiff has failed to state a claim upon which § 1983 relief can be granted. His claim for injunctive relief can be maintained only in a habeas corpus proceeding, subject to exhaustion. His request for damages is not cognizable unless and until he can demonstrate that the allegedly unconstitutional parole decision has been set aside. Accordingly, plaintiff's § 1983 claims for injunctive relief and/or damages are dismissed for failure to state a claim and as frivolous, see 28 U.S.C. § 1915A, and this is a dismissal as described by 28 U.S.C. § 1915(g). **The Clerk is directed to provide copies of this order to the parties, to the TDCJ–Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159, and to the District Clerk for**

---

[2] In his original complaint, plaintiff indicated that he had not exhausted his state court remedies because it was "not applicable." (D.E. 1 at ¶ II.A.).

**theEastern District of Texas, Tyler Division, 211 West Ferguson, Tyler Texas, 75702, Attention: Betty Parker.**

To the extent plaintiff's claims are habeas in nature, the claims are dismissed without prejudice.

ORDERED this 8th day of August 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE